Irene KOOGLER, et al.

v.

A.G. EDWARDS AND SONS, INC., et al.

No. EP–86–CA–0001.

United States District Court, W.D. Texas, El Paso Division.

Sept. 15, 1986.

Keith Gorman, Richard C. White, El Paso, Tex., for plaintiffs.

Charles W. Schwartz and Edna H. Palermo, Vinson & Elkins, Houston, Tex., for defendants.

### ORDER

BUNTON, District Judge.

Pending before this Court is a Motion for Summary Judgment filed by the Defendant in this cause. This motion has been pending for 20 days, and is ripe for disposition.

The Court, having considered the summary judgment evidence presented, and after reviewing the controlling legal authority, the Court is of the opinion that Summary Judgment should be granted in favor of the Defendant for the reasons set forth below.

The Supreme Court recently clarified the burden of a party seeking summary judgment. In *Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court held that the moving party may discharge its burden under Fed.R.Civ.P. "by 'showing'—that is, pointing out to the District Court—that there is an absence of evidence to support the nonmoving party's case." *Id.* 106 S.Ct. at 2554.

The 5th Circuit has rendered a decision that is squarely in accord with the Supreme

Court's opinion in *Celotex*. The 5th Circuit stated that:

> If the moving party can show that there is no evidence whatever to establish one or more essential elements of a claim on which the opposing party has the burden of proof, trial would be a bootless exercise, fated for an inevitable result but at continued expense for the parties.... [Pursuant to Rule 56, the movant] should be permitted ... to rely upon the complete absence of proof of an essential element of the other party's case.

*Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir.1986). Thus, summary judgment is appropriate when the movant establishes a total lack of factual support on any essential element of claim asserted.

After reviewing the depositions submitted by the Defendant in this cause, the Court is of the opinion that there is no factual support for the Plaintiff's claim. Despite certain boilerplate allegations of security law violations, fraud and conspiracy, the testimony of the plaintiffs demonstrates to this Court that no factual basis to support the plaintiff's allegations. The Court notes that on frequent occasions, the plaintiffs denied outright any contention of fraud and conspiracy. In their depositions, each plaintiff was specifically and repeatedly asked to state all the facts upon which they based their claims against A.G. Edwards. The plaintiffs were unanimous in their inability to state any facts in support of their allegations against the defendants. The Court is of the opinion that no plaintiff has a single fact on which to base this complaint.

The Court takes notice of the Supreme Court case *Blue Chip Stamps v. Manor Drugs*, 421 U.S. 723, 740–41, 95 S.Ct. 1917, 1927–28, 44 L.Ed.2d 539 (1975) warning that summary procedures must be employed to ferret out unfounded security acts claims. The Court stated:

> [E]ven a complaint which by objective standards may have very little chance of success at trial has a settlement value to the plaintiff out of any proportion to its prospect of success at trial so long as he may prevent the suit from being resolved against him by dismissal or summary judgment. The very pendency of the lawsuit may frustrate or delay normal business activity of the defendant which is totally unrelated to the lawsuit.
>
> ....
>
> To the extent that [discovery in such an action] permits a plaintiff with a largely groundless claim to simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the process will reveal relevant evidence, it is a social cost rather than a benefit.

The Court is of the opinion that the depositions submitted as evidence supporting the motion for summary judgment in this case overwhelmingly demonstrate that the plaintiffs have no evidence on which to base their claims. The Court believes that the plaintiffs lost some money. As they were not able to opt into the class action suit against Petro-Lewis in Colorado, for what ever reason, the Plaintiffs now seem to be hoping that their broker did something wrong. However, the plaintiff have no evidence of any wrongful behavior on the defendants part, and as such there is no evidence to support any of their claims. The Court also notes that this motion for summary judgment has not been opposed. This motion has been pending for over twenty days, and this lawsuit has been pending for over two-hundred and forty days. If the plaintiff had evidence to support this claim, surely it should have been available by now. As Plaintiff has not responded to this motion, this Court has come to the conclusion that plaintiffs have acquiesced to defendants' motion for summary judgment.

For the reasons set forth supra, the Court is of the opinion that there is a total lack of factual support for any of the claims being asserted. As such, the Court will enter summary judgment in favor of the defendants, decreeing that the plaintiffs are to take nothing by this suit.